BRUSE, Respondent, v. ERTMOED, Appellant.

(222 N. W. 689.)

(File No. 5929.   Opinion filed January 5, 1929.)

For former opinion, see 221 N. W. 47.

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellant.
*A. B. Carlson,* of Canton, for Respondent.

POLLEY, J.   This case is before the court upon a rehearing heretofore granted.   The opinion of the court will be found reported in 221 N. W. at page 47.   A rehearing was asked and granted upon the sole ground of the insufficiency of the evidence to support the verdict.

The right of recovery is based upon the following clause in the settlement contract between plaintiff and defendant:   "It is agreed that in case Allie shall become unable to support himself that the support of him shall fall equally upon these parties."   The fair inference to be drawn from this clause is that at the time the contract was entered into that Allie was able to support himself. The evidence does not show when, if ever, Allie became unable to support himself.   Since defendant was not required, under the terms of the contract, to contribute to the support of Allie until he became unable to support himself, it was incumbent upon plaintiff to show, approximately, at least when it was that Allie became unable to support himself.   Because of the insufficiency of the evidence to show this fact a new trial will be awarded.

The judgment and order appealed from are reversed.

BURCH, P. J., and CAMPBELL, J., concur.

BROWN, J. (dissenting). Defendant introduced no evidence whatever. Plaintiff testified that Allie had been unable to support himself at any time since 1909; that shortly after the contract was drawn she wrote defendant about contributing toward the support of Allie, and defendant contributed $12 a month for six months and then stopped. The jury had a right to consider that contribution as an admission by defendant that Allie was unable to support himself. Admissions by conduct are competent evidence, as well as admissions by speech, and are often the more persuasive form, as is attested by the homely proverb, "Actions speak louder than words." This contribution of $12 a month was made within 3 years after the execution of the contract, for it was just about 3 years after the execution of the contract that defendant wrote plaintiff, refusing to contribute further to Allie's support. This contribution was evidence showing "approximately, at least, when Allie became unable to support himself." And he became gradually weaker and more helpless until his death. For at least 3 years before his death plaintiff had to wait on him, had to help him get up from a chair, put him to bed, and dress him.

The testimony of plaintiff as to his helplessness was substantiated by six witnesses, neighbors who had known him from 7 to 25 years. One testified he never saw him do much work. "He was simply home around the house." Another, that "he would do a little watch repairing around the house." Another, that he had seen him at times around his step-dad's car repair shop, but did not see him do any work. Plaintiff testified that "he made enough to furnish himself with spending money and little things that a man of that kind usually wants, outside of his board and room." If Allie ventured out of doors without help, and was blown over by the wind, he had to lie there until somebody helped him up. The testimony of one witness after another was that he became more and more helpless until his death. During all this time plaintiff furnished him board and room and did his washing, and for 10 months she furnished board and room and did the laundry work for a chiropractor in return for treatments given Allie by the chiropractor. All of this evidence was uncontroverted.

The expense of boarding the chiropractor, as well as all other

claims for compensation, for a period back of 6 years next preceding the commencement of the action, were disallowed by the former opinion, on the ground that they were barred by the statute of limitations; but, if the evidence is insufficient to show "approximately, at least, when it was that Allie became unable to support himself," I know not what evidence would be deemed sufficient.

SHERWOOD, J., concurs in this dissent.